HARRIS, Chief Judge.
The issue on this appeal concerns the manner in which the court equitably distributed the enhanced value of the assets of a closely held corporation owned solely by the husband.[1]
The parties were married for just over four years; no children were born of the marriage, and during the marriage the wife was self-employed. Also during the marriage and to the present, the husband has been employed by the federal government and, as a sideline, owned (before marriage) and operated as the sole shareholder, director and officer, Randolph Enterprises, Inc. (“REI”), a closely held corporation in the business of breaking down salvaged computer components to extract their gold and silver. Once broken down, the parts were shipped to Eastern Smelting & Refining (“Eastern”) for refining. The gold and silver thus refined from the parts was kept on account with Eastern who maintained a continuing offer to purchase the metal. At the time of filing the petition for dissolution, the metal was held on account in the name of REI, subject to a refining fee owed Eastern in the amount of $23,521.20.
The court stated its intent to distribute the “enhanced value and appreciation of the common stock” from the date of marriage until the date of fifing the dissolution action. We agree that this was a “marital asset.” Instead, however, the court gave the wife a percentage of that portion of the gold and silver in the account that exceeded the amount that was on deposit on the date of the marriage. The husband contends that this method of equitable distribution was flawed because the court failed to consider the outstanding refining fees which Eastern ultimately deducted from the REI inventory. We agree. This method also fails to consider that, while there was less gold and silver on deposit on the date of marriage, its unit value was considerably higher than on the date of the fifing of the dissolution.
We assume that the court intended, as its order indicates, to award the wife a percentage of the “enhanced value” or “appreciation” of the value of the business. If so, the court overlooked two points. First, the value of a corporation is not determined solely by the value of its assets but also by the amount of its liabilities. In awarding the wife a percentage of the gold and silver, the court failed to consider the refining charges against those assets. Second, although the value of the corporation can be determined (generally)[2] by totaling the assets and deducting the liabilities, in determining the increase in value it is most important to determine the value of the business at the appropriate times.
For example, the trial court’s award to the wife, which was based solely on the increase in the amount of metals (valued as of the *344 date of filing) was $25,002.50. The award to the wife, based on the increased value of the business from the date of marriage until the filing of the dissolution and taking into account the unpaid refining charges, would be $19,671. We recognize that the parties failed to present proper evidence as to the value of the gold and silver on the date of marriage. For some reason, their valuation date was shortly before the marriage for the silver and shortly after the marriage for the gold. In our example, we have assumed the values so indicated would have been the same on the date of marriage. On remand, the court may either apply the wife’s percentage to the increased value of the business between the date of marriage and the date of dissolution, leaving it to the parties to subsequently determine that value, or may take additional evidence to establish that value.
AFFIRMED in part; REVERSED in part and REMANDED for further action consistent with this opinion.
PETERSON and DIAMANTIS, JJ., concur.

. We find the husband’s other issues to be without merit.

. We are not concerned in this case with the value of goodwill or fixed assets.